**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MIGUEL ANGEL SANCHEZ VARGAS, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> B & B COLEMAN & COMPANY, an Illinois corporation, d/b/a COLEMAN'S TAVERN & GRILL, and BARRY COLEMAN, an individual, <br><br> Defendants. | Case No. 16-cv-11348 |

## COLLECTIVE ACTION COMPLAINT

The Plaintiff, Miguel Angel Sanchez Vargas ("Plaintiff" or "Sanchez Vargas"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, and by and through his attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, hereby complains against Defendants, B & B Coleman & Company d/b/a Coleman's Tavern & Grill ("Coleman's Tavern & Grill") and Barry Coleman ("Coleman"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL").

2. Defendants violated federal and state overtime laws by failing to pay Plaintiff, and other similarly situated cooks, dishwashers, and kitchen workers, an overtime premium when they worked more than 40 hours in individual workweeks.

3. Plaintiff's FLSA claim is brought as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as the representative party is attached as Exhibit A.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and city ordinance claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b) because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

6. Plaintiff Sanchez Vargas is a former employee of the Defendants. Plaintiff was employed as a cook by Defendants from approximately October 2015 through October 8, 2016

7. During the course of their employment, Defendants' employees, including Plaintiff, used and handled goods and materials, including food products, silverware, or cooking utensils, some of which necessarily moved in interstate commerce prior to being purchased or used in Illinois.

8. Defendant Coleman's Tavern & Grill is a restaurant engaged in selling and serving prepared food and beverages, including alcoholic beverages, to customers for consumption on the premises.

9. Defendant Coleman's Tavern & Grill is operated by B & B Coleman & Company, an Illinois corporation, and is doing business as a restaurant at 823 Lake Avenue in Woodstock, Illinois.

9. Upon information and belief, Coleman's Tavern & Grill earned more than $500,000 in annual gross revenue or sales during 2014, 2015, and 2016.

10. Upon information and belief, Defendant Barry Coleman is an owner of Defendant Coleman's Tavern & Grill. Coleman is the president and corporate secretary of Defendant B & B Coleman & Company. Upon information and belief, Coleman resides in and is domiciled within this judicial district.

11. Defendant Coleman possessed ultimate control over the business' day-to-day operations and had the authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records. In furtherance of these duties, Coleman hired and fired Plaintiff, set Plaintiff's rate of pay, set Plaintiff's work schedule, and paid Plaintiff his wages in cash.

**COMMON ALLEGATIONS**

12. Defendants directed Plaintiff to work, and Plaintiff did work, more than 40 hours in individual workweeks.

13. Plaintiff regularly worked six days per week for the Defendants. Plaintiff typically did not work on Tuesdays.

14. Plaintiff was typically scheduled to work from 9:00 a.m. to 3:00 p.m. and from 5:00 p.m. to 10:30 or 11:00 p.m. On Wednesdays, Plaintiff regularly worked from 9:00 a.m. to 10:30 or 11:00 p.m. without taking his customary two-hour break in the afternoon.

15. Based on his work schedule, Plaintiff regularly worked in excess of 65 hours per week for Defendants.

16. Defendants paid Plaintiff on an hourly basis.

17. Plaintiff's rate of pay was $11.00 per hour.

18. Defendants paid Plaintiff at this straight-time rate of pay for all hours worked and never paid Plaintiff an overtime premium when he worked more than 40 hours in a work week.

19. Defendants did not compensate Plaintiff at one and one-half times his regular hourly rate of pay for hours worked in excess of 40 in individual workweeks.

20. All of Plaintiff's wages were paid in cash.

**COLLECTIVE ACTION ALLEGATIONS**

21. Plaintiff brings his FLSA claim as a collective action on behalf of himself and other similarly situated cooks, dishwashers, and kitchen workers that worked for Defendants during the last three years before the filing of this suit.

22. During the last three years before the filing of this suit, Plaintiff, and other similarly situated cooks, dishwashers, and kitchen workers had substantially similar job descriptions, job requirements, and pay rates.

23. Plaintiff, and the other similarly situated employees, were subject to Defendants' common policies and plans to violate the FLSA by willfully refusing to pay overtime compensation to cooks, dishwashers, and kitchen workers and depriving the employees of their earned wages.

24. During the last three years before the filing of this suit, Defendants had a common policy and practice of paying cooks, dishwashers, and other kitchen employees at their straight-time rates of pay for all hours worked.

25. Defendants failed to pay Plaintiff, and other similarly situated cooks, dishwashers, and kitchen workers, at one-and-one-half times their regular hourly rates of pay when they worked more than 40 hours in an individual workweek.

26. Plaintiff's claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions.

27. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

28 There are numerous similarly situated current and former cooks, dishwashers, and kitchen workers who worked for Defendants and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

29. The similarly situated current and former cooks, dishwashers, and kitchen workers are known to the Defendants and are identifiable in Defendants' payroll records.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages
**(Collective Action)**

30. Plaintiff hereby incorporates paragraphs 1 through 29 as though stated herein.

31. Plaintiff was an "employee" under the FLSA, 29 U.S.C. § 203(e)(1), and Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

32. During the course of Plaintiff's employment, Defendants employed other similarly situated cooks, dishwashers, and kitchen employees who were similarly not exempt from the overtime wage provisions of the FLSA.

33. During all relevant times, Defendants have each been an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

34. Defendant Coleman's Tavern & Grill is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and has operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

35. Under 29 U.S.C. § 207, for all weeks during which Plaintiff and other non-exempt cooks, dishwashers, and kitchen employees worked more 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

36. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

37. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants intentionally paid Plaintiff's and other employees' wages in cash in order to keep employees "off the books" and conceal Defendants' failure to pay overtime wages. Upon information and belief, Defendants' cash wage payments were not reported to federal and state tax and revenue departments.

WHEREFORE, the Plaintiff, Miguel Angel Sanchez Vargas, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, B & B Coleman & Company d/b/a Coleman's Tavern & Grill and Barry Coleman, as follows:

- A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours in individual workweeks;
- B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;
- C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and
- D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

38. Plaintiff hereby incorporates paragraphs 1 through 29 as though stated herein.

39. Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d), and was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

40. During the course of Plaintiff's employment, Defendants employed other similarly situated cooks, dishwashers, and kitchen employees who were similarly not exempt from the overtime wage provisions of the IMWL.

41. At all times relevant, Defendants have each been an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

42. Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff and other non-exempt cooks, dishwashers, and kitchen employees worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

43. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

WHEREFORE, the Plaintiff, Miguel Angel Sanchez Vargas, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, B & B Coleman & Company d/b/a Coleman's Tavern & Grill and Barry Coleman, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relied as this Court deems appropriate and just.

Dated: December 14, 2016 

Respectfully submitted,
Miguel Angel Sanchez Vargas, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, Plaintiff

/s/ Nicholas P. Cholis
_____
One of the Plaintiff's Attorneys

Timothy M. Nolan (No. 6194416)
Nicholas P. Cholis (No. 6292556)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel: (312) 322-1100
Fax: (312) 322-1106
tnolan@nolanwagelaw.com
ncholis@nolanwagelaw.com